**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | | |
|---|---|---|
| **DEBRA ELLEN L.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 18-3708** |
| **v.** | * | |
| | * | |
| | * | |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |

**\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Debra L. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of

the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her

application for disability insurance benefits under Title II of the Social Security Act.  Before the

Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No.

10) and Defendant's Motion for Summary Judgment (ECF No. 11).[2]  Plaintiff contends that the

administrative record does not contain substantial evidence to support the Commissioner's

decision that she is not disabled.  No hearing is necessary.  L.R. 105.6.  For the reasons that

follow, Plaintiff's alternative motion for remand (ECF No. 10) is **GRANTED**.

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On September 26, 2017, Administrative Law Judge ("ALJ") William T. Vest, Jr., held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 30-66. The ALJ thereafter found on November 24, 2017, that Plaintiff was not disabled from her amended alleged onset date of disability of May 27, 2015, through the date of the ALJ's decision. R. at 10-27, 188. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since May 27, 2015, and that she had the severe impairments of fibromyalgia, Rocky Mountain spotted fever, chronic obstructive pulmonary disease, irritable bowel syndrome, and chronic fatigue syndrome. R. at 15. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 16.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a), except [Plaintiff]: can only occasionally reach overhead; can only occasionally stoop and squat; cannot climb or crawl; cannot frequently push or pull with her lower extremities; and requires an environment where a restroom is readily available." R. at 16.[3] In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a postmaster and as a bookkeeper, Plaintiff could perform other work in the national economy as a scheduler, clerical

---

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

sorter, or computation clerk.  R. at 20-21.  The ALJ thus found that Plaintiff was not disabled from May 27, 2015, through November 24, 2017.  R. at 21.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on December 2, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

# III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

Plaintiff contends that the ALJ failed to find that some of her impairments were severe at step two of the sequential evaluation process.  Pl.'s Mem. Supp. Mot. Summ. J. 9-10, ECF No. 10-1.  Plaintiff further argues that the ALJ improperly determined her credibility regarding the intensity, persistence, and limiting effects of her symptoms.  *Id.* at 13-19.  Plaintiff also asserts that the ALJ failed to perform a function-by-function determination of the extent of the effect of her limitations on her ability to work.  *Id.* at 19-21.  Plaintiff then argues that the ALJ failed to weigh properly the various opinions in the record.  *Id.* at 21-22.  Plaintiff finally maintains that the ALJ erred in evaluating and in relying on the testimony of the VE.  *Id.* at 22-30.

### A.      ALJ's Determination of Plaintiff's Severe Impairments

Plaintiff contends that the Court should remand this case because the ALJ failed to find that her degenerative arthritis, systemic lupus, cervical radiculitis, and peripheral neuritis were severe impairments.  *Id.* at 9.  She, however,

> misunderstands the purpose of step two in the analysis.  Step two is merely a threshold determination meant to screen out weak claims.  It is not meant to identify the impairments that should be taken into account when determining the RFC.  In fact, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered "severe" or not.

*Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (alteration in original) (citations omitted).  "Moreover, step two was decided in [Plaintiff's] favor . . . .  [She] could not possibly have been prejudiced.  Any alleged error is therefore harmless and cannot be the basis for a remand."  *Id.* at 1049 (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)); *accord Smith v. Colvin*, 821 F.3d 1264, 1266-67 (10th Cir. 2016); *Tuggerson-Brown v. Comm'r of Soc.*

*Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam). Plaintiff's contention that the ALJ

erred at step two by failing to determine that her other impairments were severe is thus without

merit. *See Tegra C. v. Comm'r, Soc. Sec. Admin.*, Civil Action No. ADC-19-667, 2019 WL

6733114, at *5 (D. Md. Dec. 10, 2019).

**B.      ALJ's RFC Assessment and Determination of Plaintiff's Credibility**

Plaintiff next argues that the ALJ erred in assessing her RFC and credibility. Pl.'s Mem.

Supp. Mot. Summ. J. 10-22, ECF No. 10-1. She maintains that the ALJ's "assessment of [her]

credibility concerning the intensity, persistence and limiting effects of her symptoms, exertional

and non-exertional limitations was also improper and not substantially supported as required."

Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 10-1.

> Under the regulations implementing the Social Security Act, an ALJ follows a
> two-step analysis when considering a claimant's subjective statements about
> impairments and symptoms. First, the ALJ looks for objective medical evidence
> showing a condition that could reasonably produce the alleged symptoms.
> Second, the ALJ must evaluate the intensity, persistence, and limiting effects of
> the claimant's symptoms to determine the extent to which they limit the
> claimant's ability to perform basic work activities. The second determination
> requires the ALJ to assess the credibility of the claimant's statements about
> symptoms and their functional effects.

*Lewis v. Berryhill*, 858 F.3d 858, 865-66 (4th Cir. 2017) (citations omitted); *see* 20 C.F.R.

§ 404.1529(b)-(c). "An ALJ has the obligation to consider all relevant medical evidence and

cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence

that points to a disability finding." *Lewis*, 858 F.3d at 869 (quoting *Denton v. Astrue*, 596 F.3d

419, 425 (7th Cir. 2010)). The ALJ must "explain in his decision what statements by [Plaintiff]

undercut her subjective evidence of pain intensity as limiting her functional capacity." *Id.* at

866.

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms" but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. at 17-18. The ALJ noted that, "[o]verall, the medical evidence of record generally does not support [Plaintiff's] alleged loss of functioning. The objective medical findings show predominately mild to moderate exam findings, supporting a conclusion that [Plaintiff's] symptoms are moderate, at worst[.]" R. at 18-19. The ALJ then noted that Plaintiff "has extensive activities of daily living, including: attending church regularly; spending time with friends; doing housework; driving; grocery shopping; cooking; reading; sewing; and playing the piano." R. at 19.

"An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them," however. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018). Plaintiff reported that she went to church only once a week, visited friends only once or twice a month, did housework two to three times per week for one to two hours at a time, drove three to four times a week, shopped for groceries once a week for one hour, and spent fifteen to thirty minutes cooking dinners with the help of her husband. R. at 228-30; *see* R. at 275-87. The ALJ "did not acknowledge the limited extent of those activities as described by [Plaintiff] or explain how those activities showed that [she] could sustain a full-time job." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017).

Further, the VE testified that no work would be available to an individual who would require an unscheduled break of at least one hour in an eight-hour workday or who would be off task at least 15% of an eight-hour workday. R. at 64-65. The VE also testified that no work

would be available to an individual absent at least twice a month from work. R. at 65. "But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019). Because the ALJ's "analysis is incomplete and precludes meaningful review," remand is appropriate. *Monroe v. Colvin*, 826 F.3d 176, 191 (4th Cir. 2016).

In short, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods*, 888 F.3d at 694 (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis*, 858 F.3d at 868. For the reasons stated above, the Court remands this case for further proceedings. Because the Court remands on other grounds, it does not address Plaintiff's remaining arguments. *See Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 341 n.1 (4th Cir. 2012) ("Because we conclude that the ALJ committed legal error by failing to consider properly all the record evidence, an assessment of the weight of the evidence must be left to the ALJ on remand in the first instance."); *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897, at *5 n.5 (D. Md. Sept. 20, 2019) ("[B]ecause the Court is remanding this case based on an insufficient RFC assessment, which occurs between steps three and four of the disability determination, it need not reach any issues related to step five."). In any event, the ALJ also should address these other deficiencies identified by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."); *Travis X. C.*, 2019 WL 4597897, at *5 n.5 ("In the interest of a comprehensive review on remand, however, the Court

will note that the ALJ does need to explain which evidence he chooses to credit and which evidence he chooses to discredit and why." (citing *Monroe*, 826 F.3d at 189)).

## V

## <u>Conclusion</u>

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 11) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 10) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 10) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: March 31, 2020                                         /s/
                                                                      Thomas M. DiGirolamo
                                                                      United States Magistrate Judge